STATE, EX REL. GUSTAVUS W. RADER AND MICHAEL SCHMITT, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION, IN THE COUNTY OF UNION.'

1. An alternative writ of *mandamus* must contain averments of all such facts as are necessary to show that it is the defendant's duty to execute the command of the writ.

2. Where the gravamen of an action is the defendant's failure to perform a duty, the declaration must allege the facts from which the legal liability results, and the pleading is bad in substance if the duty does not in all cases result from the facts stated in it.

3. Courts will take judicial notice of public statutes without their being stated in the pleadings, but when the statute gives the right and establishes a special method of enforcing it, not according to the course of the common law, the facts and circumstances, the existence of which is necessary to entitle the party to the aid of the statute, must be specially set out.

4. If the method of performing the duty is discretionary and optional, a *mandamus* to compel the defendant to do it in a particular manner is defective, unless it shows on its face the impossibility of the defendant exercising the option.

5. The prayer for relief in the alternative writ must be in exact conformity with the legal obligation of the defendant. The peremptory writ is in the nature of an execution and must follow the alternative; hence, if the relator is not entitled to require what he demands, the peremptory writ will be denied, although he may be entitled to a part of what he has demanded.

6. The writ must show distinctly the material fact that the relator has no other adequate legal means of redress, either by positive averment or by a statement of facts from which the non-existence of other legal remedy may be inferred. In the absence of such an averment the court will not intend that the circumstances are such that the use of the writ was proper.

On demurrer to writ of alternative *mandamus*.

Argued at June Term, 1881, before Justices DEPUE, SCUDDER and KNAPP.

For the relators, *W. C. Spencer.*

For the defendants, *Joseph Cross* and *T. N. McCarter.*

The opinion of the court was delivered by

DEPUE, J. This writ of alternative *mandamus* was demurred to. Counsel have agreed that the demurrer may be considered as a motion to quash.

An alternative writ of *mandamus* is in the nature of a declaration in an ordinary suit at law, and is subject to the same rules of pleading. The writ must contain averments of all such facts as are necessary to show that it is the defendant's duty to execute the command of the writ; that the relator is entitled to the relief he asks, and cannot have redress by ordinary legal remedies, and that he has made all reasonable efforts to obtain the redress he seeks. *Rex* v. *Bishop of Oxford,* 7 *East* 345; *Tapp. on Man.* 320, 323; *Fairbank* v. *Sheridan, ante p.* 82. The mandatory clause should be prepared with great care. It must clearly express that which it commands the defendant to do, and must be in exact conformity with the legal obligation of the defendant. *Tapp. on Man.* 323, 327.

The defendant's liability to pay the debt in question arose out of two acts of the legislature, passed March 29th, 1871, (*Pamph. L., p.* 1034,) and April 1st, 1872, (*Pamph. L., p.* 972.) These acts and their construction have been before the courts so often that it is not necessary to restate their provisions. They will be found in the report of *Rader* v. *S. E. Road District,* 7 *Vroom* 273. It will be sufficient to say that the act of 1872, which repealed the act of 1871, put upon the defendants the obligations and debts contracted by the commissioners named in the act of 1871, and obligated the defendants to pay the debts contracted by the former commissioners, in the manner pointed out by the act. *Rader* v. *Township Com.,* 10 *Vroom* 509, 520; *S. C.,* 12 *Id.* 617; *Little* v. *Same,* 11 *Id.* 397; *Magee* v. *Same,* 13 *Id.* 531.

The relators recovered a judgment against the defendants for $2150 debt, and $978.30 damages, besides costs. The prayer of the writ is, that the defendants " do borrow such sum or sums of money as may be necessary to pay, and do provide for the payment of said sums so borrowed, by the

issue of the bonds of the said township of Union, in the county of Union, and do pay forthwith to the plaintiffs, the said judgment debt, interest and costs."

The second section of the act of 1872, validates all legal contracts made by the commissioners named in the act of 1871. It authorizes the defendants to make a compromise or settlement with the holders of such contracts, or to carry out and complete such contracts, and empowers the defendants " to pay all just debts contracted by said commissioners for improvements under said act; and in order that the said township committee and their successors may be enabled to discontinue, settle or complete such unexecuted contracts, and pay such indebtedness, if any, they are authorized to borrow such sums of money as may be necessary for that purpose, and to provide for the payment of such sums so borrowed, by the issue of the bonds of the said township."

It was stated on the argument that the judgment in question was recovered on a contract made by the old commissioners. But that fact does not appear on the face of the pleading.

The theory of the relators' suit is, that it is the defendant's duty to perform the acts specified in the prayer of the writ. The writ is grounded on the supposition of a neglect or failure to perform a duty. Where the gravamen of an action is the defendant's failure to perform a duty, the declaration must allege the facts from which the legal liability results, and the pleading is bad in substance, if the duty does not, in all cases, result from the facts stated in it. *Brown* v. *Mallett,* 5 *C. B.* 598. The only fact stated in this writ is that a judgment was recovered against the defendants. The duty to borrow money to pay the judgment, and to issue township bonds therefor, does not result, in all cases, from the recovery of such a judgment. It arises only from the provisions of the act of 1872, and attaches itself only to such debts as are covered by the statute.

The act of 1872 is a public act; but that will not cure the defect in this writ. Courts will take judicial notice of pub-

lic statutes without their being stated in the pleadings; but when the statute gives the right and establishes a special method of enforcing it, not according to the course of the common law, the facts and circumstances, the existence of which is necessary to entitle the party to the aid of the statute must be specially set out. *Thorpe* v. *Rankin*, 4 *Harr.* 36; 1 *Chitty Pl.* 215; *Van Riper* v. *Parsons*, 11 *Vroom* 1. This rule of pleading applies to proceedings by *mandamus.* The relator must set out in the alternative writ the facts which give him a right to the relief sought, clearly and distinctly, so that they may be traversed in the return. *Peat's Case*, 6 *Mod.* 310; *Commercial Bank* v. *Canal Com'rs*, 10 *Wend.* 25; *Fairbanks* v. *Sheridan, ante p.* 82.

*Second.* The prayer is for a peremptory writ, commanding the defendants to borrow such sum or sums of money as may be necessary to pay, and to provide for the payment of such sums so borrowed by the issue of the bonds of the township of Union, and to pay the relators their said judgment.

The act of 1872, in express terms, makes it the duty of the defendants to pay all just debts contracted by the commissioners named in the original act. *Township of Union* v. *Rader*, 12 *Vroom* 618. To enable the defendants to make payment, the second section authorized them to borrow such sums of money as might be necessary for that purpose, and to provide for the payment of the sums so borrowed by the issue of the bonds of said township. The third section empowered the defendants to lay assessments upon lands benefited by the improvement, for defraying the costs and expenses thereof.

The duty enjoined upon the defendants is to pay. The money wherewith to make payment may be derived from assessments or from the issue of township bonds. The relators cannot arbitrarily select the means by which the defendants shall perform their duty. If the method of performing the duty is discretionary and optional, a *mandamus* to compel a defendant to do it in a particular manner is defective, unless it shows on its face the impossibility of the defendant exercising the option. *King* v. *Bristol Co.*, 6 *B. & C.* 181; *Queen*

v. *S. E. Railw. Co.*, 4 *H. of L. Cas.* 471. A *mandamus* to the mayor, aldermen and burgesses of a borough, to compel them to pay instalments on a bond of the municipality by enforcing payment of a borough rate already laid, or by laying a new rate, was held to be bad, unless it show that the corporation had or professed to have no other means of payment, for the reason that the prosecutor is not to select the fund out of which payment shall be made. The bond was payable in instalments " out of the funds of the said borough," and the writ was set aside because in the mandatory part of it it did not simply enjoin payment, leaving the corporation to apply the necessary means, but specified the means by which payment was to be obtained, leaving the defendants no option of resorting to any other. *Reg.* v. *Ledgard*, 1 *Q. B.* 616.

The relators might adopt the form of the writ they have adopted if they were prepared to aver and had averred that the defendants could have no other available means of satisfying their judgment. But their writ contains no such averment. In view of the terms of the act of 1872, I think the better course would be, after setting out the legislative provisions for putting the defendants in funds wherewith to pay, to follow the words of the act, and ask a *mandamus* commanding the defendants to pay—leaving the defendants, in their return, to discharge themselves from the duty by showing, by their return, that compliance with the mandate of the court is legally impossible.

The relator's counsel contends that a mandatory writ commanding the defendants to pay, is included in the prayer of this writ. They insist that the other matters prayed for may be rejected, and that a peremptory *mandamus* may be awarded in strict compliance with the act of 1872. But it cannot be overlooked, that the substance of the prayer in this writ is, that the defendants shall issue bonds, and obtain, in that way, the means to pay the relator's judgment. The peremptory writ is in the nature of an execution, and must follow the alternative; hence, if the relators are not entitled to require what they demand in their alternative writ, the peremptory

Rader v. Township of Union.

writ will be denied, although they may be entitled to a part of what they have demanded. *Rex* v. *Tithe Com'rs,* 14 *Q. B.* 459, 480; *Rex* v. *Trustees,* 3 *A. & E.* 535; *People* v. *Supervisors,* 1 *Hill* 50; *Same* v. *Same,* 10 *Abb. Prac. R.* 233.

*Third.* The writ does not show that the relators cannot collect their debt by the ordinary process of law. The only averment is, that the judgment is unpaid, and that an *alias* execution issued on it was returned *nulla bona.* This return is consistent with the defendants' ownership of lands from the sale of which the judgment might be satisfied.

With respect to the allegation of the absence of other adequate legal remedy, the relators are held to the greatest degree of strictness; for it is a fundamental principle that the writ shall not be used unless there be no other adequate legal means of redress. The writ must show that material fact distinctly, either by positive averment or by a statement of facts from which the non-existence of other adequate remedy may be inferred. *Tapp. on Man.* 323; *High. on Extra. Rem.,* § 550. In the absence of such an averment, the court cannot intend that the circumstances are such that the use of the writ was proper. In *Rex* v. *Margate,* 3 *B. & Ald.* 220, a writ of *mandamus* to a corporation, commanding it to pay a poor rate, which omitted to state that the corporation had no effects upon which a distress could be levied, was bad.

The writ should be quashed, with costs.